J-S04023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHNNIE J. RIVERA | |
| Appellant | No. 3357 EDA 2017 |

Appeal from the PCRA Order Dated September 15, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0635851-1990

BEFORE:  BENDER, P.J.E., STABILE, and MURRAY, JJ.

MEMORANDUM BY STABILE, J.:                 **FILED APRIL 06, 2020**

Appellant Johnnie J. Rivera *pro se* appeals from the September 15, 2017 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed as untimely his third petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As summarized by a prior panel of this Court on appeal relating to Appellant's first PCRA petition:

> [In connection with the killing of Elsie Olmeda,] Appellant was arrested in May of 1990 and charged with murder, voluntary manslaughter, robbery, burglary, criminal conspiracy, and possession of an instrument of crime (PIC).[1]  On February 27, 1991, he pled guilty to, and was sentenced to life imprisonment for, first-degree murder.  He also pled guilty to the remaining charges; but sentencing was deferred for these.

---

[1] 18 Pa. C.S.A. §§ 2502(a), 2503, 3701, 3502, 903, and 907, respectively.

On February 24, 1992, the life sentence was re-imposed; and Appellant received ten to twenty years' confinement for robbery, to be served consecutive to the murder sentence. He also received ten to twenty years' confinement for burglary and five to ten years' confinement for criminal conspiracy, both to be served concurrent to the robbery sentence. Voluntary manslaughter merged with murder for sentencing purposes, and he received a suspended sentence for PIC.

Appellant's motion to modify his sentence was denied, and he filed a notice of appeal on March 24, 1992. This Court vacated the robbery sentence and affirmed the remainder on April 23, 1993. **Commonwealth v. Rivera**, 630 A.2d 464 (Pa. Super. 1993) (unpublished memorandum). He did not petition our Supreme Court for allowance of an appeal. On August 4, 1993, he was re-sentenced on the robbery conviction to six to twenty years' confinement. No appeal followed.

**Commonwealth v. Rivera**, No. 2852 EDA 2002, unpublished memorandum, at 1-2 (Pa. Super. filed June 20, 2003) (footnote omitted). Appellant thereafter filed his first PCRA petition, which the PCRA court dismissed as untimely. We affirmed. On March 9, 2012, the PCRA court dismissed as untimely Appellant's second PCRA petition. Appellant did not appeal. On March 22, 2016, Appellant *pro se* filed the instant, his third, petition for collateral relief, seeking relief under **Miller v. Alabama**, 132 S. Ct. 2455 (2012) and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016).[2] On September 15, 2017, the PCRA court dismissed as untimely Appellant's instant

---

[2] In **Miller**, the U.S. Supreme Court determined that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." **Miller**, 132 S. Ct. at 2460. In **Montgomery**, the U.S. Supreme Court held that **Miller** was a new substantive rule that, under the United States Constitution, must be retroactive in cases on state collateral review. **Montgomery**, 136 S. Ct. at 736.

petition for relief. Appellant *pro se* appealed. Both he and the PCRA court complied with Pa.R.A.P. 1925.

On appeal,[3] Appellant presents two issues for our review:

I. Does the right established in [**Miller**], made retroactive by [**Montgomery**], apply to an individual above the age of 18?

II. Were Appellant's Equal Protection Rights violated when the PCRA [c]ourt failed to afford Appellant relief on the basis of **Miller** and **Montgomery**?

Appellant's Brief at 8.

Before we may address the merits of this appeal, however, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[3] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.[4]

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, although it is uncontested that Appellant's instant PCRA petition is facially untimely, as it was filed over a decade after his judgment of

_____

[4] Section 9545(b)(2) was recently amended, effective December 24, 2018, to extend the time for filing from sixty days of the date the claim could have been presented to one year. The amendment applies only to claims arising on or after December 24, 2017. As a result, this amendment does not apply to Appellant's PCRA petition because it was filed prior to the amendment's effective date.

sentence became final, Appellant argues that he is entitled to review under the PCRA's new constitutional right exception at Section 9545(b)(1)(iii) based upon *Miller*/*Montgomery*. We disagree.

We repeatedly have held that *Miller* does not apply to defendants who were eighteen or older when they committed murder. *Commonwealth v. Lee*, 206 A.3d 1, 7-11 (Pa. Super. 2019) (*en banc*) (holding *Miller* applies only to those who were under the age of eighteen at the time they committed the offense); *Commonwealth v. Montgomery*, 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*) (holding that the High Court's ruling in *Montgomery* did not extend *Miller*'s holding to individuals who committed homicides after they reached the age of 18); *accord Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016). Accordingly, because he was eighteen years old at the time he murdered Ms. Olmeda, Appellant has no claim under *Miller*/*Montgomery*.

To the extent Appellant argues that he is due relief because equal protection requires that adults are entitled to the same protection as juveniles, such argument is bereft of merit. We recently rejected a similar claim. *See Montgomery*, 181 A.3d 366 ("Neither the Supreme Court of the United States nor our Supreme Court has held that *Miller* announced a new rule under the Equal Protection Clause. Instead, *Miller* only announced a new rule with respect to the Eighth Amendment. Thus, contrary to [petitioner's] assertions, his Equal Protection Clause argument is also an attempt to extend *Miller*'s holding.").

Appellant's argument that despite the fact he was an adult at the time of the crimes, *Miller* should be applied to him because his brain, as is the case in juveniles, was not fully developed is also meritless. We rejected a similar contention in *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013). In *Cintora*, two appellants, who were nineteen and twenty-one years of age at the time of their underlying crimes, and were sentenced to life imprisonment, claimed:

> [T]hat because *Miller* created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25, it would be a violation of equal protection for the courts to treat them or anyone else with an immature brain, as adults. Thus, they conclude that the holding in *Miller* should be extended to them as they were under the age of 25 at the time of the murder and, as such, had immature brains.

*Cintora*, 69 A.3d at 764. In rejecting the argument, we concluded that "[a] contention that a newly-recognized constitutional right *should* be extended to others does not render their petition timely pursuant to [S]ection 9545(b)(1)(iii)." *Id.* (emphasis added). Thus, as in *Cintora*, Appellant's claim that *Miller* applies to the case *sub judice* based on his mental development is without merit.

In light of the foregoing, we cannot conclude that the PCRA court erred in dismissing as untimely Appellant's instant, his third, PCRA petition, as he failed to prove the constitutional right exception at Section 9545(b)(1)(iii).

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* <u>4/6/2020</u>